IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON



RICHARD L. MILLER,

      Plaintiff,

v.                           Case No. 2:03-cv-2500

DAVID TUCKER, W.C. MOYER,
KANAWHA COUNTY COMMISSIONERS,
MOTEL 6 OPERATING L.P.,
WOWK-13 TV BROADCASTING, INC.,
ABBOTT'S GARAGE & WRECKER SERVICE, LLC,
and RICKY EDWARD JORDAN,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending is Plaintiff's Motion Affidavit for Entry of Default, in which Plaintiff requests that a default judgment be entered against defendant Ricky Edward Jordan (docket sheet document # 65).

On June 30, 2004, the undersigned entered an Order permitting Plaintiff to amend his Complaint to substitute Ricky Edward Jordan as a defendant in this matter in place of "(FNU) Caucasian Male Motel 6 guest." (# 39). The undersigned further ordered that service of process be made on Mr. Jordan at his last known address

by certified mail, return receipt requested. (Id.)

On July 1, 2004, a summons was issued for Mr. Jordan and the summons and Complaint were mailed to his last known address by certified mail, return receipt requested. (# 40). According to the return receipt, Mr. Jordan signed for the mail on July 2, 2004. Since that date, Mr. Jordan has not responded to the Complaint. Thus, he is in default.

On August 27, 2004, Plaintiff filed an "Affidavit for Entry of Default" against several defendants, including Mr. Jordan. (# 65). In the Affidavit, which has been construed as a motion, Plaintiff requested, inter alia, that a default judgment be entered against Mr. Jordan. At a hearing held on September 23, 2004, the undersigned explained to Plaintiff that the entry of default is different from the right to a default judgment, and that default judgments are not favored under the law. See, e.g., United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The undersigned further explained that Plaintiff's claim against Mr. Jordan does not fall into one of the limited circumstances in which default judgment may be granted, because he cannot prove a sum certain for his damages.

On August 27, 2004, Plaintiff filed a Proposed Amended Complaint, in which he sought to amend his claims against Mr. Jordan. The undersigned has granted Plaintiff leave to amend his Complaint, and has ordered service of the Amended Complaint and

2

related documents on Mr. Jordan at his last known address. The Order granting the amendment notifies Mr. Jordan that default has been entered against him and that he must show good cause in order to set aside the default.

In light of the amendment to the Complaint, and Plaintiff's inability to prove a sum certain, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff is not entitled to a default judgment against Ricky Edward Jordan. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's request for default judgment against Ricky Edward Jordan. (# 65).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

Sept. 29, 2004
Date

Mary E. Stanley
United States Magistrate Judge