IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


RICHARD L. MILLER,

        Plaintiff,

v.                              Case No. 2:03-cv-02500

DAVID TUCKER, W.C. MOYER,
KANAWHA COUNTY COMMISSIONERS,
MOTEL 6 OPERATING L.P.,
WOWK-13 TV BROADCASTING, INC.,
ABBOTT'S GARAGE & WRECKER SERVICE, LLC,
and RICKY EDWARD JORDAN,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending is Plaintiff's "Motion for Summary Judgment Against Defendant Ricky Edward Jordan" (docket sheet document # 114).

## PROCEDURAL HISTORY

On June 30, 2004, the undersigned entered an Order permitting Plaintiff to amend his Complaint to substitute Ricky Edward Jordan as a defendant in this matter in place of "(FNU) Caucasian Male Motel 6 guest." (# 39). The undersigned further ordered that service of process be made on Mr. Jordan at his last known address by certified mail, return receipt requested. (Id.)

On July 1, 2004, a summons was issued for Mr. Jordan and the summons and Complaint were mailed to his last known address by certified mail, return receipt requested.  (# 40).  According to the return receipt, Mr. Jordan signed for the mail on July 2, 2004. Since that date, Mr. Jordan has not responded to the Complaint. Thus, he is in default.

On August 27, 2004, Plaintiff filed an "Affidavit for Entry of Default" against several defendants, including Mr. Jordan.  (# 65). In the Affidavit, which was construed as a motion for default judgment, Plaintiff requested, <u>inter</u> <u>alia</u>, that a default judgment be entered against Mr. Jordan.  At a hearing held on September 23, 2004, the undersigned explained to Plaintiff that the entry of default is different from the right to a default judgment, and that default judgments are not favored under the law. <u>See</u>, *e.g.*, <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982).  The undersigned further explained that Plaintiff's claim against Mr. Jordan does not fall into one of the limited circumstances in which default judgment may be granted without a hearing, because he cannot prove a sum certain for his damages.  Thus, on September 29, 2004, the undersigned submitted a Proposed Findings and Recommendation (# 90), recommending that the presiding District Judge deny Plaintiff's motion for default judgment against Mr. Jordan on the original Complaint (# 65).

On August 27, 2004, Plaintiff filed a Proposed Amended Complaint, in which he sought to amend his claims against Mr. Jordan.  The undersigned granted Plaintiff leave to amend his Complaint, and ordered service of the Amended Complaint and related documents on Mr. Jordan at his last known address.  The undersigned further ordered that Mr. Jordan's response to the Amended Complaint was due within ten days of his receipt of those documents.  The Order granting the amendment of the Complaint also notified Mr. Jordan that default has been entered against him concerning the original Complaint and that he must show good cause in order to set aside the default.

According to return receipts located in the records of the Clerk's Office, Mr. Jordan received two packages from the Clerk's Office on October 15, 2004.  Since that date, Mr. Jordan has not filed an answer or any other pleading, or in any way attempted to contact this court.  Thus, the undersigned has directed the Clerk to enter default against Mr. Jordan concerning the Amended Complaint.  The Order granting the Motion for Entry of Default states that a hearing on Plaintiff's right to a default judgment against Mr. Jordan will be scheduled at a later time.

On November 4, 2004, Plaintiff filed the instant Motion for Summary Judgment against Mr. Jordan.  (# 114).  The motion states in pertinent part:

> 4.  Defendant Ricky Edward Jordan presents no genuine
>     issue  of  material  fact  as  to  any  or  all

3

allegations, and Plaintiff is entitled to summary judgment as a matter of law on the issue of liability, even if a genuine issue exists as to amount of damages.

* * *

6.   Plaintiff has a right to judgment by law, and requests the court to enter default and summary judgment against Defendant Jordan.

7.   Plaintiff has been denied medical records and cannot assess injuries caused by Mr. Jordan, or other defendants[1]; therefore it is impossible to determine an approximate on monetary damages against Defendant Ricky Edward Jordan, but estimates in the mid to high six figures, possibly more.

(# 114 at 1-2).

## ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment.  Subsection (c) of the rule provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue of material fact as to the amount of damages.

Fed. R. Civ. P. 56(c).  In this case, Plaintiff relies only upon the fact that Mr. Jordan has failed to answer the Amended Complaint

---

[1] It is the undersigned's understanding, that, subsequent to the filing of this motion, relevant medical records were obtained by defense counsel and were produced to Plaintiff in discovery, which is on-going.

to assert that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law.

Plaintiff's Amended Complaint against Mr. Jordan alleges:

a.   Plaintiff alleges that on July 13, 2003, Defendant Ricky Edward Jordan did wilfully and recklessly commit assault and battery upon Plaintiff causing great physical pain, mental anguish and bodily injuries resulting in hospitalization and coma, and kidney damages as well as other yet unknown physical injuries;

b.   Plaintiff alleges Defendant Ricky Edward Jordan did on July 13, 2003, at Motel 6 in Cross Lanes, Kanawha County, Charleston, West Virginia[,] by two or more predicate acts of conspiracy with Motel 6 management employees, or in concert with unknown Ohio defendants/guests (FNU) John and Jane Doe, formed a conspiracy to cause effect or bring about malicious and defamatory false light accusations[,] defamatory statements about Plaintiff to other motel guests, employees, management, and Kanawha County Sheriff's Department or other law enforcement, and did cause false imprisonment, kidnapping, false invasion of privacy upon Plaintiff as "<u>C. Dwayne Coates</u>" and/or "<u>child molester</u>" causing others to curse, shun, and avoid Plaintiff for no reason[,] causing egregious mental anguish;

c.   Plaintiff alleges Defendant Ricky Edward Jordan did on July 13, 2003, at Motel 6 by act or omission under color of law - if a confidential informant, undercover law enforcement officer, or by wilful and reckless <u>negligence</u>, if merely a citizen, and did by

(1)   <u>Gross negligence</u>, departed from conduct of an ordinarily prudent person, while acting out a conspiracy with Motel 6, or John/Jane Doe guests from Ohio;

(2)   <u>Criminal negligence</u>, in a flagrant and reckless disregard of Plaintiff's personal safety by doing acts in concert with John/Jane Doe and Motel 6 management

5

or employees[,] by omission of acts that an ordinarily prudent person and careful person would have done under like circumstances, or in doing these acts to Plaintiff which an ordinarily prudent person and careful person would not have done under similar circumstances[,] and did act or omit acts with wilful indifference to injuries liable to follow[,] and which actually did follow[,] endangering Plaintiff's life and bodily safety[,] with a degree of carelessness amounting to culpable disregard for Plaintiff's rights and safety.

(3) Imputed negligence, in that defendants held a special relationship of master and servant and responsibility for acts of their servants and a liability for Motel 6 employees conduct of negligence in express or implied agency.

(# 70 at 1-2).

Plaintiff must prove the elements of each of these claims in order to be entitled to judgment as a matter of law.  He has not yet done so.  Some of Plaintiff's claims depend on proof of facts involving other defendants who are not in default, and genuine issues of material fact do exist concerning those claims.  Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Motion for Summary Judgment, even only as to Mr. Jordan's liability, is premature.

Plaintiff has also moved for a trial on default judgment.  (# 96).  The undersigned has ordered the Clerk to enter default against Mr. Jordan on the Amended Complaint, and the undersigned will schedule a hearing on Plaintiff's right to a default judgment

6

against Mr. Jordan as to liability and damages at a future time.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, at the present time, there are genuine issues of material fact concerning the claims against Mr. Jordan, and Plaintiff is not entitled to judgment as a matter of law on those claims. It is respectfully **RECOMMENDED** that the presiding District Judge **DENY**, without prejudice, Plaintiff's "Motion for Summary Judgment Against Defendant Ricky Edward Jordan." (# 114).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn,

7

474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on all opposing parties, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

```
  June 9, 2005                          Mary E. Stanley
     Date                         Mary E. Stanley
                                  United States Magistrate Judge
```